Karen L. Martinez (Utah State Bar No. 7914)
martinezk@sec.gov
Thomas M. Melton (Utah State Bar No. 4999)
meltont@sec.gov
Jennifer Moore (New York Bar No. 3054301)
mooreje@sec.gov
Paul Feindt (Utah Bar No. 8796)
feindtp@sec.gov
Attorneys for Plaintiff
Securities and Exchange Commission
15 West South Temple Street, Suite 1800
Salt Lake City, Utah 84101
Telephone:  (801) 524-5796
Facsimile:  (801) 524-5262

Local Counsel:
Karen Matteson (Cal. Bar No. 102103)
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, CA  90036-3648
Telephone:  (323) 965-3840
Facsimile:  (323) 965-3908

JS-6

O

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>          Plaintiff,<br>     vs.<br><br>KEDERIO AINSWORTH, GUILLERMO HARO, JESUS GUTIERREZ, GABRIEL PAREDES and ANGEL ROMO,<br><br>          Defendants. | Case No.:<br>EDCV08-1350 VAP (OPx)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST KEDERIO AINSWORTH** |

The Securities and Exchange Commission (the "Commission") filed a Complaint (Docket #1) against Kederio Ainsworth ("Ainsworth" or the "Defendant") and

1

others on October 3, 2008.  Ainsworth, through counsel, filed an Answer to the Complaint on December 2, 2008 (Docket #18). On or about April 21, 2009, the parties participated in an early settlement conference with Attorney Settlement Officer Robert H. Logan in Riverside, California (Docket #s 26 and 29).  Pursuant to the Court's Civil Trial Scheduling Order (Docket # 36), the parties participated in a second settlement conference with Attorney Settlement Officer Robert H. Logan (Docket # 41).  Ainsworth consented to entry of this Final Judgment on January 26, 2010, without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Ainsworth admits).  Based on the foregoing, the Court orders as follows:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

   (a) to employ any device, scheme, or artifice to
   defraud;
   (b) to obtain money or property by means of any
   untrue statement of a material fact or any omission
   of a material fact necessary in order to make the
   statements made, in light of the circumstances
   under which they were made, not misleading; or

   (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

III.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, and Defendant's agents, servants, employees, attorneys and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Exchange Act [15 U.S.C. § 78q] and Rules 17-a3(a)(6) and 17-a3(a)(17) [17 C.F.R. §§ 240.17a-3(a)(6) and 17a-3(a)(17)] promulgated thereunder by aiding or abetting in the failure to create and/or maintain accurate customer account records and/or order tickets.

IV.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,418 and a civil penalty in the amount of $2,418 pursuant to

Section 20(d) of the Securities Act and Section 21(d) of the Exchange Act, for a total of $4,836. Defendant shall satisfy this obligation by paying $4,836 within 14 days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying Kederio Ainsworth as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  April 21, 2010

_____
Honorable Virginia A. Phillips
United States District Judge

Presented by:

/s/ Karen L. Martinez
_____
Karen L. Martinez
Thomas M. Melton
Attorneys for Plaintiff
Securities and Exchange Commission

7